```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

RICHARD R. SIMPSON,            )
                               )   CIVIL ACTION
        Plaintiff,             )
                               )   FILE NO. 1:10-CV-0224-CAM-ECS
    v.                         )
                               )
COUNTRYWIDE HOME LOANS,        )
BANK OF AMERICA, ING BANK,     )
fsb, ING DIRECT, and CORPORATE )
BANK, DOEs 1, 2, 3, 4,         )
                               )
        Defendants.            )

## **FINAL REPORT AND RECOMMENDATION**

On January 12, 2010, Plaintiff Richard Simpson filed a complaint in the Superior Court of Fulton County, Georgia, against Defendants Countrywide Home Loans, Bank of America, ING Bank, fsb, ING Direct, and "Corporate Bank DOEs 1, 2, 3, 4." [Doc. 1-2]. The same day he filed the complaint, Plaintiff also filed a "Motion for Restraining Order against Defendants . . . requesting [the court] to restrain Defendant's . . . from any further action on . . . non-judicial foreclosure proceedings." [Doc. 2-1]. Defendants filed a notice of removal on January 27, 2010. [Doc. 1].

In his complaint, Plaintiff seeks rescission of a 2004 loan document under the Truth in Lending Act, ("TILA"), and the Home Owners Equity Protection Act ("HOEPA") and monetary recovery for statutory violations of HOEPA, TILA, the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et. seq. ("RESPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

AO 72A
(Rev.8/82)

[Doc. 1-2]. Plaintiff also asserts state law claims for fraud, breach of fiduciary duty, unjust enrichment, and a "Complaint to Quiet Title." Id. This matter is before the Court on Plaintiff's motion for a restraining order, [Doc. 2], and on the motion to dismiss of all three defendants. [Doc. 8]. For the reasons stated herein, this Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, and that Plaintiff's "Motion for Restraining Order" be **DENIED**.

## I.
## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006)(citation omitted); Fuller v. Johannessen, 76 F.3d 347, 349-350 (11th Cir. 1996). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Further, "[f]actual allegations must be enough to

2

raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

Since Twombly, the Supreme Court has clarified that Rule 8 of the Federal Rules of Civil Procedure[1] requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). To this end, the plaintiff must plead "factual content that [would] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When evaluating a motion to dismiss a complaint under Rule 12(b)(6) strictly as a motion to dismiss, the court cannot, as a general rule, consider matters outside of the complaint, but must accept the allegations of the complaint as true and must construe the facts in the light most favorable to the plaintiff. Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Under Rule 12(b)(6), however, the Court may elect to consider documents

---

[1] Federal Rule of Civil Procedure 8(a) provides: A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

3

outside the pleadings, in which case the motion to dismiss is treated as a motion for summary judgment. <u>Property Management & Investments, Inc. v. Lewis</u>, 752 F.2d 599, 604 (11th Cir. 1985).

An exception to the above rule arises, however, when documents central to the plaintiff's case are referred to in the complaint. <u>See</u> <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997). In such a situation, "the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." <u>Id.</u> (citing <u>Venture Assoc. Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 431 (7th Cir. 1993).

Furthermore, under Rule 10(c) of the Federal Rules of Civil Procedure, "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Therefore, any document so attached can properly be reviewed by the Court without converting the motion to dismiss into a motion for summary judgment. <u>See</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994); <u>Solis-Ramirez v. United States Dept. of Justice</u>, 758 F.2d 1426, 1430 (11th Cir. 1985).

In this case, Plaintiff references a residential mortgage transaction and a loan modification agreement in his complaint but does not attach any documents to his complaint. In support

4

of their motion to dismiss, however, Defendants attached copies of the mortgage statement and the loan modification agreement. [Docs. 8-3, and 8-4]. Under these circumstances, and under the authority cited above, this Court will consider the residential mortgage documents attached to Countrywide's motion to dismiss without converting the motion to one for summary judgment.[2]

**II.
Factual Background**

Plaintiff alleges that, on April 16, 2004, he obtained two mortgage loans from Defendant Countrywide to purchase property located at 9040 Campestral Court, Duluth, Georgia. [Doc. 1, ¶¶ 11, 27]. The property was to be used as Plaintiff's "principal dwelling." [Doc. 1, ¶ 11]. Plaintiff further alleges that, in connection with this loan transaction, but before the April 16, 2004, closing, he did not receive preliminary disclosures required by TILA, or a "Good Faith Estimate" required by RESPA. [Doc. 1, ¶ 40].

While Plaintiff concedes that he received certain TILA disclosures at the time of the closing, he claims that the relevant disclosures did not accurately state the Annual

---

[2] Because the instant motion to dismiss will not be converted into a summary judgment motion, this Court need not comply with Rule 56(c) of the Federal Rules of Civil Procedure, which mandates, in pertinent part, that summary judgment notice be afforded to the non-moving litigant. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).

Percentage Rate, Finance Charge, and Amount Financed. [Doc. 1, ¶¶ 27-28, 41, 42]. Plaintiff alleges that "[t]hese defects [were] ***apparent on the face of the original loan and should have been corrected . . . prior to the closing . . . .***" [Doc. 1, ¶ 34] (bold font and emphasis in original). Plaintiff also claims that Defendant Countrywide received certain "yield spread premium[s] or . . . service release premium[s]" as a result of the loan transaction, which it failed to include in the loan documents. [Doc. 1, ¶ 44].

In May 2009, Plaintiff executed a "Loan Modification" on or about May 28, 2009. [Doc. 1, ¶ 25]. The agreement provided that it "amend[ed] and supplement[ed]" the April 16, 2004, loan, and that:

> Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the [April loan]. Except as otherwise specifically provided in this Agreement the [April loan] will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this agreement.

[Doc. 8-4]. At the time of the loan modification, Defendants did not provide Plaintiff with a "Notice of a Right to Rescind." [Doc. 1, ¶¶ 29, 48]

Plaintiff alleges that in December 2009, he employed a "forensic auditor" to look at the loan documents, and concluded "that the lender had misrepresented the Annual Percentage Rate,

6

the Amount Financed, and the true Finance charges" in the April 2004 disclosures. [Doc. 1, ¶ 30, 34].

Finally, Plaintiff alleges that "Defendants . . . . utilized amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure . . . ." [Doc. 1, ¶ 46].

# III.
## Discussion

Based on the foregoing facts, Plaintiff asserts the following claims: (1) "noncompliance with the rescission process;" (2) violations of TILA, HOEPA and Regulation Z;[3] (3) violations of RESPA; (4) violations of FCRA; and (5) state law claims for (i) fraudulent misrepresentation; (ii) breach of fiduciary duty; (iii) unjust enrichment; (iv) "statutory and actual damage; (v) "to Quiet Title;" (vi) "for equitable relief;" (vii) "for punitive damages;" and (viii) "for reasonable attorney fees." [Doc. 1, ¶ 1].

### A. Plaintiff's Failure to Respond

As an initial matter, Defendants argue that because Plaintiff's response to the motion to dismiss only addressed the TILA claims, all other claims should be deemed abandoned. [Doc. 14, pg 2]. Though some courts have treated a failure to respond to a motion to dismiss as an abandonment of the claim, <u>see</u>

---

[3] HOEPA and Regulation Z are codified under the Truth in Lending Act. 15 U.S.C. § 1601, *et seq.*

7

Northern Assur. Co. Of America v. Bayside Marine Const., Inc., 2009 WL 151023 at *3, *3 n. 4 (S.D. Ala. 2009) (collecting cases), the Local Rules of the Northern District of Georgia provide that an unresponded to motion should be deemed unopposed rather than abandoned. LR. 7.1(B), NDGa. Therefore, this Court will not deem Plaintiff's claims abandoned. See Perdue v. Pilgrim Pride, 2006 WL 2355408 (M.D. Ala. 2006) ("This court cannot base the entry of summary judgment on the mere fact that the motion was unopposed. . . .").

### B. The Loan Modification

Defendants contend that Plaintiff's HOEPA and TILA claims, in so far as they are based on alleged failures to disclose in connection with the loan modification, must fail because the Loan Modification did not trigger additional disclosure requirements. [Doc. 8-2]. "Generally events subsequent to a consumer loan transaction do not affect the validity of the initial disclosures or require the creditor to make further disclosures." In re Sheppard, 299 B.R. 753, 760 (E.D. Pa. 2003), (citing 15 U.S.C. § 1634). However, where the parties enter into a "refinancing" transaction, as defined by the CFR, a lender is subject to "[s]ubsequent disclosure requirements." 12 C.F.R. § 226.20.

The CFR provides that: "A refinancing occurs when an existing obligation that was subject to this subpart is satisfied and replaced by a new obligation undertaken by the same

8

consumer." Id. Here, the loan modification explicitly stated "Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the [April loan]." [Doc. 8-4]. Therefore, the undersigned concludes that the Loan Modification was not a refinancing, and thus was not subject to any "subsequent disclosure requirements." Consequently, Plaintiff's TILA and HOEPA claims based upon the loan modification should be **DISMISSED**.

**C. Rescission and HOEPA Claims**

Plaintiff seeks to rescind the loan transaction on the grounds that Defendants failed to meet their disclosure requirements under HOEPA and TILA with respect to the April 16, 2004, closing. [Doc. 1, ¶¶ 61, 71]. Plaintiff also seeks monetary damages under HOEPA's additional disclosure requirements. [Doc. 1, ¶ 63]. In response, Defendants argue that Plaintiff may not maintain a rescission action under TILA, or a monetary claim under HOEPA, "[b]ecause the . . . Loan [was] a 'residential' mortgage transaction' as defined in 15 U.S.C. § 1602(w) and 12 C.F.R. § 226.2(a)(24)." [Doc. 8-2, pg 11].

"[T]he TILA-based right to rescission does not apply to 'residential mortgage transactions.' " Infante v. Bank of America Corp., 2009 WL 5554641 at *5 (S.D. Fla. 2009) (citing 15 U.S.C. § 1635(e)(1)). Similarly, the additional disclosure requirements under HOEPA state that "[a] mortgage referred to in this

9

subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction . . ." 15 U.S.C. § 1602(aa). TILA defines a "residential mortgage transaction" as:

> a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

15 U.S.C. § 1602(w).

Here, Plaintiff alleges that the loan in question was used to secure his "principal dwelling." [Doc. 1, ¶ 11]. Thus, the undersigned concludes that the loan transaction was a residential mortgage transaction, as defined under TILA, and that, as such, Plaintiff's rescission and HOEPA claims should be dismissed.[4]

**D. Plaintiff's TILA Claims**

Plaintiff next contends that Defendants made "material disclosure violations as described in 15U.S.C. [sic] § 1640, which trigger statutory damages under 15 U.S.C. § 1640(a)(2)(A)." [Doc. 1, ¶ 28]. Defendants argue, in turn, that such claims are time barred. [Doc. 8-2, pg 11].

---

[4] The undersigned further notes that even if the loan in question was not classified as a "residential mortgage transaction," dismissal would nonetheless be appropriate on the grounds that Plaintiff's TILA claims are time barred, as discussed below.

10

Pursuant to 15 U.S.C. § 1640(e) of TILA, "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within *one year* from the date of the occurrence of the violation." (Emphasis added). According to the complaint, the parties executed the subject loan transaction on April 16, 2004. [Doc. 1, ¶ 11]. Plaintiff commenced this civil action on January 12, 2010, almost six years after the date of the occurrence of any alleged disclosure violations in the mortgage documents. [Doc. 1]. Plaintiff nonetheless argues that dismissal is inappropriate on these grounds because: (1) TILA's statute of limitations is subject to "equitable tolling" because "Plaintiff only discovered the failure to disclose Annual Percentage Rate, the true Finance Charges, or the correct Amount Financed during December 2009;" and (2) "the fact issue [surrounding the existence of equitable tolling] should not be resolved on a motion to dismiss." [Doc. 11-2, pg 9].

Addressing the second issue first, courts may resolve issues of equitable tolling in a motion to dismiss. See Bryant v. Mortgage Capital Res. Corp., 197 F. Supp. 2d 1357, 1367 (N.D. Ga. 2002) (resolving equitable tolling in motion to dismiss) and Phan v. Accredited Home Lenders Holding Co., 2010 WL 1268013 at *3 n. 7 (M.D. Fla. 2010) (denying motion to dismiss because, in part, "even when taken in the light most favorable to the [plaintiffs'

11

AO 72A
(Rev.8/82)

complaints] do not allege facts which justify equitable tolling in this case.")

Second, to warrant equitable tolling under TILA, a plaintiff must show: (1) that the defendant "engaged in a course of conduct designed to conceal evidence of its alleged wrongdoing;" (2) that he was "not on actual or constructive notice of that evidence;" and (3) he "exercised due diligence." Id. at 1367. Because Plaintiff has failed to establish that he exercised due diligence, the undersigned concludes that equitable tolling is not warranted.

The Eleventh Circuit has held that "in deciding whether the statute should be tolled, it must be determined whether a reasonably diligent plaintiff would have discovered the fraud." Morton's Market, Inc. v. Gustafson's Dairy, Inc., 198 F.3d 823, 836 (11th Cir. 1999). Thus, where "the facts as alleged in [a] plaintiff['s] complaint establish that plaintiff[] could and should have discovered that something was amiss," equitable tolling is not warranted. Bryant, 197 F. Supp. 2d at 1368. In Bryant, the district court concluded that a defendant's alleged practice of "false-dating" loan documents was not subject to equitable tolling where the plaintiff alleged that "[t]he false-dating practices of [defendant] are readily apparent on the face of the Plaintiffs' unsigned copies of their loan documents." Id. at 1367-68.

12

Here, Plaintiff's complaint alleges that the inaccuracies of the disclosures were "***apparent on the face of the original loan documents***" [Doc. 1, ¶ 34] (bold face and emphasis in original). The undersigned finds the holding of <u>Bryant</u> instructive, and concludes that Plaintiff's TILA claims are not subject to equitable tolling and should be **DISMISSED**.

**E. Plaintiff's RESPA Claims**

RESPA provides for civil liability against any person who gives or receives "any fee, kickback, or thing of value" in connection with the referral of "business incident to" a federally related mortgage loan. 12 U.S.C. § 2607(a). The statute further provides that "no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b).

Here Plaintiff alleges that "Defendants accepted charges for the rendering of real estate services which were in fact charges for other [sic] than services actually performed." [Doc. 1, ¶ 66]. It appears that Plaintiff bases this claim on the allegation that Defendant Countrywide "pre-sold [Plaintiff's mortgage] to a third party lender prior to the closing who paid . . . Countrywide . . . a fee for the YSP, or the SRP, [and] this

13

payment is an illegal kickback in violation of 12 U.S.C. sec. 2607 . . . ."

As discussed above, the Supreme Court has held that Rule 8 requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 550 U.S. at 555. The undersigned concludes that Plaintiff's allegation that Defendant Countrywide received payments in violation of RESPA is no more than a mere recitation of the elements of the cause of action, and is thus subject to dismissal.[5]

**F. Plaintiff's FCRA Claims**

"The FCRA endeavors to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy . . . by, among other things, compelling merchants to adopt procedures to safeguard consumers' credit information." Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1306 (11th Cir. 2009). In this regard, FRCA allows for liability where a furnisher of credit information provides inaccurate information, either knowing or having reason to know the information to be inaccurate, or, after having "been notified

---

[5] This court also notes that the mere receipt of YSP or SRP is not necessarily a violation of RESPA. See Bjustrom v. Trust One Mortgage Corp., 322 F.3d 1201, 1207 (9th Cir. 2003). Consequently Plaintiff's allegation that Defendant Countrywide received a YSP or SRP in connection with the loan transaction is not, in itself, sufficient to survive a motion to dismiss.

14

by the consumer . . . that specific information is inaccurate; and . . . the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2(a).

Here, Plaintiff alleges that Defendants "reported negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on his credit reports and the lowering of his FICO scores." [Doc. 1, ¶ 73]. Like the previously dismissed RESPA claim, Plaintiff's allegations under FCRA only recite the elements underlying the cause of action without reciting any specific acts. Therefore, Plaintiff's FRCA is due to be **DISMISSED**.

### G. Plaintiff's State Law Fraud Claims

To state a cause of action for fraudulent misrepresentation in Georgia, a plaintiff must show: "a false misrepresentation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." Daniel v. Lipscomb, 225 Ga. App. 135, 137 (Ga. App. 1997). However, in federal court, a plaintiff must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237

15

(11th Cir. 2008) (applying Rule 9 to state fraud claim). With regard to Rule 9, the Eleventh Circuit has held that:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Id. Beyond explicitly stating that the complaint meets these requirements, Plaintiff's complaint fails to state which alleged TILA or HOEPA violations form the bases of the fraud or which Defendants made the misrepresentations. Therefore, Plaintiff's fraud claim should be dismissed under Rule 9(b).

**H. Breach of Fiduciary Duty**

Plaintiff alleges that "Defendants . . . were placed in a position of trust to Plaintiff and by state law [were] required to deal fairly and honestly with Plaintiff's reposed trust and confidence [and] Defendants breached their duty . . . by fraudulently inducing Plaintiff . . . into a mortgage transaction which was not fairly nor accurately disclosed to the Plaintiff." [Doc. 1, ¶¶ 86, 87]. Defendants argue that this claim must fail because none of the Defendants owed a duty to Plaintiff. [Doc. 8-2, pg 19].

"It is well settled that a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a

16

fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." Nash v. Studdard, 294 Ga. App. 845, 849-850 (Ga. App. 2008). In this regard, Georgia courts have held that "[c]reditors deal with debtors at arm's length, and do not stand in a fiduciary capacity in relationship to the debtor." May v. Citizens & Southern Nat. Bank, 202 Ga. App. 217, 217 (Ga. App. 1991).

Because Plaintiff has failed to allege a legal duty owed by any of the Defendants, his breach of fiduciary duty claim should be **DISMISSED**.

**I. Unjust Enrichment**

Plaintiff alleges that "Defendants cannot, in good conscience and equity, retain the benefits from their actions of charging a higher interest rate, fees. [sic] rebates, kickbacks, profits . . . and YSP fee, or SRP fee, unrelated to the settlement services provided by closing." [Doc. 1, ¶ 92]. Plaintiff further alleges that "Defendants had an implied contract with the Plaintiff to ensure that Plaintiff understood all fees which would be paid to the Defendants . . . ." [Doc. 1, ¶ 91].

In Georgia, "unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract." Williams v. Mohawk Industries, Inc., 465 F.3d 1277, 1294-95 (11th Cir. 2006). Thus, where as here, Plaintiff's claim derives

17

from a loan contract, unjust enrichment does not apply. Furthermore, Plaintiff cites no authority, and this Court has been able to find none, supporting the proposition that a loan contract is accompanied by an "implied contract" of the type Plaintiff asserts. Plaintiff's claim for unjust enrichment is thus due to be **DISMISSED.**

**J. Quiet Title**

Georgia law requires that a complaint in a quiet title action contain:

> a particular description of the land to be involved in the proceeding, a specification of the petitioner's interest in the land, a statement as to whether the interest is based upon a written instrument . . . or adverse possession, or both, a description of all adverse claims of which petition has actual or constructive notice, the names and addresses, so far as known to the petitioner, of any possible adverse claimant, and if the proceeding is brought to remove a particular cloud or clouds, a statement as to the grounds upon which it is sought to remove the cloud or clouds.

O.C.G.A. § 23-3-62.

However, beyond stating that he is "the legal owner" of the property, Plaintiff has failed to include a "statement as to whether [his] interest is based upon a written instrument," as required under Georgia law. [Doc. 1, ¶ 11]. Therefore, Plaintiff has not complied with the requirements of the Georgia statute, and his action to quiet title should be **DISMISSED.**

18

**K. Fictitious Parties**

With regard to the remaining claims against "Corporate Bank Does 1, 2, 3, 4," generally, "fictitious party practice is not permitted in federal court." New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Because Plaintiff has not cited any authority or presented argument as to why "Corporate Bank Does 1, 2, 3, 4" should remain parties to this litigation, the undersigned recommends that all such claims be **DISMISSED**.

## IV.
## Motion for Temporary Restraining Order

Finally, Plaintiff seeks an order "restrain[ing] Defendant's . . . from any further action on their non-judicial foreclosure proceedings, until these proceedings are concluded." [Doc. 1-2, pg 26]. The undersigned construes this as a motion for a preliminary injunction.

A district court may issue a preliminary injunction when the moving party shows: "(1) a substantial likelihood of prevailing on the merits of the underlying case . . . (2) irreparable injury . . . unless the injunction issues immediately; (3) the threatened injury . . . outweighs whatever damaged the proposed injunction may cause the opposing party; and (4) . . . the injunction would not be adverse to the public interest." Fresco v. R.L. Polk & Co., 2010 WL 597236 at *2 (11th Cir. 2010) (citing

19

Haitian Refugee Ct.r, Inc. v. Baker, 949 F.2d 1109, 1110 (11th Cir. 1991)).

Because this Court has already concluded that Plaintiff should not prevail on the underlying merits of the case, his motion for a preliminary injunction should be **DENIED**

## V.
## Conclusion

For the reasons discussed above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss, [Doc. 3], be **GRANTED**, and that Plaintiff's motion for a permanent injunction, [Doc. 1], be **DENIED.**

The Clerk is **DIRECTED** to terminate the District Court's referral of this case to the undersigned.

**SO REPORTED and RECOMMENDED** this 26th day of April, 2010.

<span style="margin-left:3em">s/ E. Clayton Scofield III<br>
E. Clayton Scofield III<br>
UNITED STATES MAGISTRATE JUDGE</span>

AO 72A
(Rev.8/82)