IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Richard R. Simpson,                :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :    CIVIL ACTION NO.
                                   :    1:10-cv-00224-JOF
Countrywide Home Loans, et al.,    :
                                   :
        Defendants.                :

**OPINION & ORDER**

This matter is before the court on Plaintiff's Motion for Temporary Restraining Order [2], Defendants' Motion to Dismiss [8], and the Final Report and Recommendation of Magistrate Judge E. Clayton Scofield, III [16], and Plaintiff's Objections thereto [17].

On January 12, 2010, Plaintiff Richard Simpson filed his Complaint in the Superior Court of Fulton County, Georgia, against Defendants Countrywide Home Loans, Bank of America, ING Bank, fsb, ING Direct, and "Corporate Bank DOEs 1, 2, 3, 4." Docket Entry [1-2]. The same day he filed the Complaint, Plaintiff also filed a "Motion for Restraining Order against Defendants . . . requesting [the court] to restrain Defendant's [sic] . . . from any further action on . . . non-judicial foreclosure proceedings." D.E. [2-1]. Defendants filed a notice of removal on January 27, 2010. In his Complaint, Plaintiff seeks the following: rescission of a 2004 loan document under the Truth in Lending Act, 15 U.S.C. § 1601, *et*

*seq.* ("TILA") and the Home Owners Equity Protection Act ("HOEPA"),[1] and monetary recovery for statutory violations of HOEPA, TILA, the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). Plaintiff also asserts state law claims against Defendants for fraudulent misrepresentation, breach of fiduciary duty, and unjust enrichment. Plaintiff also brings an action to quiet title. Defendants brought the present Motion to Dismiss on February 1, 2010, requesting that Plaintiff's Complaint be dismissed in its entirety.

Magistrate Judge Scofield recommended that this court grant Defendants' motion, finding that all of Plaintiff's claims were subject to dismissal. Because he recommended dismissing all of Plaintiff's claims, Magistrate Judge Scofield also recommended that Plaintiff's Motion for Temporary Restraining Order be denied. Plaintiff filed objections to the Report and Recommendation on May 10, 2010, but Plaintiff did not object to Judge Scofield's Recommendation in its entirety.[2] Plaintiff's main objection focuses on his contention that Judge Scofield incorrectly applied what Plaintiff refers to as the "standard

---

[1] HOEPA is codified under TILA.

[2] It is actually somewhat unclear to the court what exactly Plaintiff objects to, as discussed further below. The Magistrate Judge noted, "Should objections be filed, they shall specify with particularity the alleged error or errors made . . . ." *See also* Fed. R. Civ. P. 72. "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). Plaintiff does not address any of the Report and Recommendations' specific conclusions or findings and only makes general allegations regarding pleading standards. The court does its best to comprehend Plaintiff's Objections.

2

of review."[3] Essentially, Plaintiff argues that the Magistrate Judge did not correctly apply the Eleventh Circuit's rules regarding pleading requirements under Federal Rule of Civil Procedure 8. Plaintiff also argues that his Complaint offers a sufficient factual basis for his claims, and he provided more than a formulaic recitation of the elements of his causes of action.

The Report and Recommendation dismissed the following claims without any reliance on Plaintiff's failure to properly plead relevant facts: all claims under TILA and HOEPA, all claims against the fictitious parties (Corporate Bank Does 1-4), the state law claims for breach of fiduciary duty, unjust enrichment, and the quiet title action.[4] Based on

---

[3] Plaintiff also argues that the Magistrate Judge found no causes of action for Plaintiff "because a copy of the document which Plaintiff has directed the Defendant's [sic] to, is not attached to the Complaint." D.E. [17], 6. However, the Report and Recommendation merely recognizes that Plaintiff's Complaint referred to the relevant loan documents, but Plaintiff did not attach those documents to his Complaint. Defendants, however, did provide the court with the loan documents, and therefore, the court considered those documents because they were referenced in Plaintiff's Complaint. Plaintiff's failure to attach the loan documents to the Complaint was not a basis for the Magistrate Judge's substantive opinion.

[4] Magistrate Judge Scofield recommends that any of Plaintiff's TILA or HOEPA claims that are based on the loan modification in 2009 be dismissed because the modification did not constitute refinancing and, therefore, did not trigger subsequent disclosure requirements. The Report and Recommendation also suggests Plaintiff's claims for rescission and damages under TILA and HOEPA be dismissed because the 2004 loan transaction was a "residential mortgage transaction." Magistrate Judge Scofield further found that Plaintiff's TILA claims for failure to disclose were time barred. Plaintiff's claim for breach of fiduciary duty fails because Plaintiff did not sufficiently allege a legal duty owed by any of the Defendants. Magistrate Judge Scofield recommended that Plaintiff's claim for unjust enrichment be dismissed because Plaintiff's claims arose out of an actual

3

a generous reading of Plaintiff's Objections, Plaintiff could only be objecting to Magistrate Judge Scofield's recommendation that Plaintiff's claims under RESPA and FCRA, and Plaintiff's claim for fraudulent misrepresentation be dismissed.[5] Therefore, the court presumes that Plaintiff only intended to object to Judge Scofield's recommendations regarding those claims under RESPA and FCRA, and for fraudulent misrepresentation.

The court first addresses Plaintiff's concern that Magistrate Judge Scofield applied the wrong "standard of review." Plaintiff argues,

> This Court in it's [sic] decision relied heavily on Bell Atl. Corp. v. Twombly, 550 U.S. 554, 547 (2007). However, this Court overlooked and did not make any references to the famous case of MAUREEN TOFFOLONI . . . vs. LFP PUBLISHING GROUP, LLC . . . . In Toffoloni supra, this Court set for the standard by which a Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12 (b) (6).

D.E. [17]. Plaintiff does not provide the court with a proper citation for the Toffoloni case. Plaintiff only provides the name and district court in which the case was filed, but no citation to the reporter or date of publication. The court believes Plaintiff is referring to the unpublished decision found in *Toffoloni v. LFP Publishing Group, LLC*, No. 1:08-CV-421-

---

loan contract. Finally, Plaintiff's claim for quiet title fails because he did not provide a particular description of the land as is required by Georgia law.

[5] Judge Scofield actually recommended that the fraudulent misrepresentation claim be dismissed pursuant to Fed. R. Civ. P. 9, rather than Rule 8, and Plaintiff does not mention this rule or the heightened pleading standard. However, Plaintiff may possibly have intended to object to this Recommendation because it relates to sufficient pleading of facts, and therefore, the court will address it.

4

TWT, 2008 WL 4559866 (N.D. Ga. 2008).[6] Even disregarding the procedural posture of the case, *Toffoloni* quotes and cites *Twombly* when discussing the appropriate pleading standard. The court is unclear as to what Plaintiff's contention is regarding Judge Scofield's application of *Twombly*, and the court can find no error in the Magistrate Judge's description of the proper standard for pleading.

The court moves on to Plaintiff's general contention that his Complaint contains facts pled with "detail and precision." D. E. [17], 6. As to Plaintiff's claim under RESPA, the court agrees with the Report and Recommendation that Plaintiff has failed to properly plead this claim. The only factual allegations regarding Plaintiff's claims are (1) "Defendants accepted charges for the rendering of real estate services which were in fact charges for other [sic] than services actually performed," Compl., ¶ 66, and (2) Defendant Countrywide "pre-sold [Plaintiff's mortgage] to a third party lender prior to the closing who paid . . . Countrywide Home Loans a fee for the [yield spread premium], or the [service release premium]" and "this payment is an illegal kickback . . . ." *Id*. at ¶ 43. The first statement fails to put Defendants on notice of any claims against them because, as the Report and Recommendation states, this is simply a recitation of 12 U.S.C. § 2607(b) ("No person shall give and no person shall accept any portion, split, or percentage of any charge

---

[6] This case was reversed, in part, but only with regard to the district court's determinations regarding the right of publicity rather than anything dealing with pleadings. *See Toffoloni v. LFP Publishing Group, LLC*, 572 F.3d 1201 (11th Cir. 2009).

made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.").[7] In the second statement, Plaintiff claims that Defendants violated 12 U.S.C. § 2607 by pre-selling the loan to a third party. However, for causes of action under § 2607, RESPA imposes a one year statute of limitations. 12 U.S.C. § 2614. If Countrywide pre-sold the loan, this action must have occurred, at the earliest, in 2004, when the mortgage was originally procured and the transaction closed. This case was not filed until 2010, which is well outside the statute of limitations.[8] These reasons, in addition to those discussed by the Magistrate Judge, lead to the conclusion that Plaintiff's claim under RESPA must be dismissed.

The Magistrate Judge also dismissed Plaintiff's claim under FCRA because "Plaintiff's allegations under FCRA only recite the elements underlying the cause of action without reciting any specific acts." The court agrees with this conclusion, and further finds

---

[7] Furthermore, based upon the Complaint, Plaintiff has given Defendants no ability to determine which Defendant this claim is directed at, what services or even type of services it charged for that they did not perform, or when these violations occurred.

[8] Courts in this circuit that have addressed the issue have held that equitable tolling is allowed under RESPA. However, at least one circuit court has held that "tolling under RESPA is limited to claims alleging violations of RESPA that occurred within three years of the violation." *Pedraza v. United Guar. Corp.*, 114 F. Supp. 2d 1347, 1354 (S.D. Ga. 2000). Even if equitable tolling applied, Plaintiff's claim would still be untimely. Furthermore, Plaintiff has not clearly alleged that Defendants actively or affirmatively concealed the fact that they pre-sold the loan.

AO 72A
(Rev.8/82)

that Plaintiff's Complaint failed to put Defendants on notice of any claim under FCRA. Plaintiff's Complaint alleges that "Defendants wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies, resulting in Plaintiff having negative information on his credit report and the lowering of his FICO scores." Compl., ¶ 73. Plaintiff further claims that "[t]he negative information included but not limited to an excessive amount of debt into which Plaintiff was tricked and deceived into signing." *Id*. at ¶ 74. The court is unclear under which portion of the FCRA Plaintiff brings his claim. Title 15 U.S.C. § 1681s-2(a)(1)(A) prohibits a person from furnishing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." Plaintiff has not alleged that Defendants reported any inaccurate information, only negative information, and § 1681s-2(a)(1) does not prohibit furnishing negative information.[9] Section 1681s-2 does address the disclosure of negative information in that it requires that when a financial institution does furnish negative information to a credit agency, it must provide notice of such a furnishing to the customer. § 15 U.S.C.A. § 1681s-2(a)(7)(A) (I). Plaintiff makes no

---

[9] The phrase "negative information" is a term of art. Under the FCRA, negative information is defined as "information concerning a customer's delinquencies, late payments, insolvency, or any form of default." 15 U.S.C.A. § 1681s-2(7)(G)(I). Reporting excessive debt to a credit agency is not listed in that definition.

AO 72A
(Rev.8/82)

claim that Defendants failed to notify him of the disclosure of any negative information. Plaintiff's claim under the FCRA is not sufficiently alleged and must be dismissed.

Finally, assuming that Plaintiff objected to Magistrate Judge Scofield's recommendation regarding his fraudulent misrepresentation claim, the court agrees with Judge Scofield's determination that Plaintiff failed to plead his claim with particularity. Plaintiff alleges several general misrepresentations and failures to disclose by "Defendants," but Plaintiff neglects to plead the "who, what, when, where, and how" of any particular statement. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

Having read and considered Plaintiff's Objections and Magistrate Judge Scofield's Report & Recommendation, the court overrules Plaintiff's Objections and ADOPTS the Report and Recommendation [16] as the Order of the court. Plaintiff's Motion for Temporary Restraining Order is DENIED [2], and Defendants' Motion to Dismiss is GRANTED [8]. The Clerk of the Court is DIRECTED to DISMISS Plaintiff's Complaint.

**IT IS SO ORDERED** this 11th day of August 2010.

       /s   J. Owen Forrester
       J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE